**In the Matter of John H. HASKIN.**

**No. 49S00–0307–DI–316.**

Supreme Court of Indiana.

April 28, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** On July 26, 2002, the respondent became intoxicated and disruptive in a hotel lounge. The respondent was asked to leave the lounge and was eventually escorted toward his room by hotel security, who was an off-duty police officer. While being escorted, an altercation ensued and the respondent removed a loaded handgun from its holster without warning. The security guard struggled with the respondent and subdued him. The respondent was arrested and charged with public intoxication and disorderly conduct. Pursuant to a plea agreement, the disorderly conduct charge was dismissed and the respondent entered into a pre-trial diversion agreement. In mitigation, the parties note that the respondent has successfully completed an intensive outpatient alcohol abuse treatment program and has remained alcohol-free since July 27, 2002.

In 1991, the respondent was charged with carrying a handgun without a license, impersonating a public servant, and criminal recklessness. A grand jury subsequently issued an indictment for the handgun charge only. On September 17, 1992, the respondent was sentenced to 365 days imprisonment for the handgun charge, with 363 days suspended.

**Violations:** The respondent violated Ind. Professional Conduct Rule 8.4(b), which prohibits an lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

**Discipline:** Ninety (90) day suspension from the practice of law stayed upon twelve (12) months probation.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. The respondent will be subject to the terms and conditions attached hereto. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.

ATTACHMENT

TERMS AND CONDITIONS OF PROBATION

The respondent, John H. Haskin, is hereby placed on probation for a period of twelve (12) months subject to the following terms and conditions:

1. The respondent shall remain free from alcohol use;

2. The respondent shall be subject to the supervision of a monitor approved by the Judges and Lawyers Assistance Program ("JLAP") and by the Disciplinary Commission and enter into a "monitoring agreement" with JLAP;

3. Said JLAP approved monitor shall report monthly to JLAP with regard

to the respondent's compliance and cooperation;

4. During the period of probation, the respondent shall attend and participate in weekly AA meetings and provide proof of his attendance to his JLAP monitor;

5. JLAP to provide quarterly reports to the Disciplinary Commission regarding the respondent's compliance;

6. The respondent shall not violate the Rules of Professional Conduct or the criminal laws of the State of Indiana or of any jurisdiction;

7. The respondent shall immediately report in writing to the Disciplinary Commission any failure to comply with his terms of probation.

Upon successful completion of the entire period of probation, the respondent shall be fully reinstated to the practice of law. Should the respondent violate any term of his probation, he shall be required to serve the entire ninety (90) day suspension, which was originally stayed.